UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

| | |
|---|---|
| MAXIM MANWELIAN,<br>    *Plaintiff,*<br><br>v.<br><br>CITY OF NEWTON,<br>JOSEPH BROOKS, and<br>JOSEPH CUNNING.<br>    *Defendants.* | **COMPLAINT AND JURY DEMAND** |

## PARTIES

1. The Plaintiff, Maxim Manwelian ("Max"), is an individual who resides in the City of Newton, Middlesex County, Massachusetts.

2. The Defendant, City of Newton ("the City") is and was at all pertinent times, a municipality located in Middlesex County, Massachusetts.

3. The Defendant, Joseph Brooks ("Sgt. Brooks"), is a police officer, who was, at all relevant times, employed by the City of Newton.

4. The Defendant, Joseph Cunning ("Officer Cunning"), is a police officer, who was, at all relevant times, employed by the City of Newton.

## FACTS COMMON TO ALL COUNTS

5. At around midnight, on October 06, 2023, the Plaintiff, Max, was in his home in Newton, Massachusetts ("Max's house").

6. At roughly the same time the police dispatch unit for the City received a 911 call from Max's mother, Aliona Manwelian ("Aliona") for a wellness check on Max since he suffers from mental health issues and was home alone.

7. The Defendants, Sargeant Brooks, and Officer Cunning, who had dealt with Max previously, were aware of his mental health concerns.

8. The Defendants, Sargeant Brooks and Officer Cunning responded in the course and scope of their duties as police officers for the City.

9. Cunning approached the door of Max's house and knocked on it, asking Max to let him in.

10. Max asked them to leave him alone, and that he would not let them into his house, he also starts to record the whole interaction with the phone in one of his hands.

11. Cunning continued to knock on the door and kept asking Max to let them in, despite having no reasonable suspicion about Max being a threat to himself or anyone.

12. Max, who was going through a mental health episode, was wary of his previous encounters with the police, and scared of the officers, refused to let them in and eventually picked up a knife saying that he has a right to defend his home and that he would not let anyone in.

13. At no time during this interaction did Max say or imply that he would hurt himself or someone else, he simply refused to let the police into his home because he was afraid that the police would arrest him.

14. While Officer Cunning stayed at the door, other officers including Sargent Brooks were circling Max's house, looking for other entrances.

15. At some point, Max puts the knife down and opens a window to ask the police to leave.

16. Sargent Brooks, who can see Max through the screen of the window, asks Max to put down the knife.

17. Max, who is holding the phone in one hand, raises his other hand and screams that he doesn't have anything in his hands.

18. Without any warning, or confirmation that Max was yielding a weapon, despite Max screaming that he was not holding anything, Sargent Brooks shot Max's hand with a less-lethal firearm.

19. Max fell to the ground with his hand bleeding and needed immediate medical attention.

20. In the video footage, no knife is visible right before Max gets shot, or after.

21. When the EMT arrives, the police officers, Sargent Brooks and Officer Cunning also fabricate the reason of Max's injuries informing the EMTs that he had cut his hand with the knife, despite knowing that the reason for Max's injury was the shot fired by Sargent Brooks.

22. Sargent Brooks and Officer Cunning then proceeded to instigate and institute absolutely false criminal charges against Max.

23. In the police report, Officer Cunning and Sargent Brooks falsely claim that during this interaction, Max threatened to harm himself and the police officers' multiple times.

24. Sargent Brooks also falsely claimed that the knife was visible to him from the window and that the knife fell on the coffee table after Max is shot in his hand.

25. The video recorded of the incident contradicts multiple statements made by the officers in the police report.

COUNT ONE

Federal Civil Rights v. Joseph Brooks

26. The Plaintiff repeats and realleges paragraphs one through twenty-five above as if fully stated herein.

27. Sargeant Brooks used excessive force in his dealings with the Plaintiff.

28. Sargeant Brooks arrested the Plaintiff without probable cause.

29. Sargeant Brooks participated in and instigated the prosecution of the Plaintiff without probable cause.

30. The actions of Sargeant Brooks violated the Plaintiff's clearly established and well settled rights, protected by the Fourth and Fourteenth Amendments to the United States Constitution, to be free from arrest and prosecution without probable cause and to be free from a deprivation of his liberty without due process of law.

31. As a direct and proximate result of Sargeant Brooks' violation of the Plaintiff's constitutionally protected civil rights, the Plaintiff was caused to suffer harms and losses.

WHEREFORE, the Plaintiff demands judgment against Sargeant Brooks, jointly and severally with all other Defendants herein, to include:

 a. Compensatory damages;
 b. Punitive damages;
 c. Costs of this action;
 d. Reasonable attorney's fees; and
 e. Such other and further relief as this Court may deem appropriate.

COUNT TWO

Federal Civil Rights v. Joseph Cunning

32. The Plaintiff repeats and realleges paragraphs one through thirty-one above as if fully stated herein.

33. Officer Cunning used excessive force in his dealings with the Plaintiff.

34. Officer Cunning arrested the Plaintiff without probable cause.

35. Officer Cunning participated in and instigated the prosecution of the Plaintiff without probable cause.

36. The actions of Officer Cunning violated the Plaintiff's clearly established and well settled rights, protected by the Fourth and Fourteenth Amendments to the United States Constitution, to be free from arrest and prosecution without probable cause and to be free from a deprivation of his liberty without due process of law.

37. As a direct and proximate result of Officer Cunning's violation of the Plaintiff's constitutionally protected civil rights, the Plaintiff was caused to suffer harms and losses.

WHEREFORE, the Plaintiff demands judgment against Officer Cunning, jointly and severally with all other Defendants herein, to include:

        a. Compensatory damages;
        b. Punitive damages;
        c. Costs of this action;
        d. Reasonable attorney's fees; and
        e. Such other and further relief as this Court may deem appropriate.

## COUNT THREE
### State Civil Rights v. Joseph Brooks

38. The Plaintiff repeats and realleges paragraphs one through thirty-seven above as if fully stated herein.

39. Sargeant Brooks used excessive force in his dealings with the Plaintiff.

40. Sargeant Brooks arrested the Plaintiff without probable cause.

41. Sargeant Brooks participated in and instigated the prosecution of the Plaintiff without probable cause.

42. Sargeant Brooks, acting under color of law, interfered by threats, intimidation and coercion with the exercise and enjoyment by the Plaintiff of his rights secured by the constitution and laws of the Commonwealth of Massachusetts.

43. As a direct and proximate result of Sargeant Brooks' violation of the Plaintiff's constitutionally protected civil rights, the Plaintiff was caused to suffer harms and losses.

WHEREFORE, the Plaintiff demands judgment against Sargeant Brooks jointly and severally with all other defendants herein, to include:

        a. Compensatory damages;

b.  Punitive damages;
c.  Costs of this action;
d.  Reasonable attorney's fees; and
e.  Such other and further relief as this Court may deem appropriate.

## COUNT FOUR
### State Civil Rights v. Joseph Cunning

44.  The Plaintiff repeats and realleges paragraphs one through forty-three above as if fully stated herein.

45.  Officer Cunning used excessive force in his dealings with the Plaintiff.

46.  Officer Cunning arrested the Plaintiff without probable cause.

47.  Officer Cunning participated in and instigated the prosecution of the Plaintiff without probable cause.

48.  Officer Cunning, acting under color of law, interfered by threats, intimidation and coercion with the exercise and enjoyment by the Plaintiff of his rights secured by the constitution and laws of the Commonwealth of Massachusetts.

49.  As a direct and proximate result of Officer Cunning's violation of the Plaintiff's constitutionally protected civil rights, the Plaintiff was caused to suffer harms and losses.

WHEREFORE, the plaintiff demands judgment against Officer Cunning jointly and severally with all other defendants herein, to include:

a.  Compensatory damages;
b.  Punitive damages;
c.  Costs of this action;
d.  Reasonable attorney's fees; and
e.  Such other and further relief as this Court may deem appropriate.

## COUNT FIVE
### Malicious Prosecution v. Joseph Brooks

50.  The Plaintiff repeats and realleges paragraphs one through forty-nine above as if fully stated herein.

51.  A criminal prosecution for assault with a dangerous weapon was commenced against the Plaintiff.

52.  The criminal prosecution was instituted and/or instigated by Sargent Brooks.

53. The criminal prosecution was instituted and/or instigated by Sargent Brooks without probable cause.

54. The institution and instigation of the criminal prosecution against the Plaintiff was malicious.

55. The criminal prosecution has been legally and finally terminated in the Plaintiff's favor.

56. As a direct and proximate result of Sargent Brooks' actions that led to the malicious prosecution of the Plaintiff, he suffered physical and psychological injuries and other harms and losses.

WHEREFORE, the Plaintiff demands judgment against Sargent Brooks jointly and severally with all other Defendants herein, in an amount to be determined by a jury plus costs and interest as allowed by law.

## COUNT SIX
### Malicious Prosecution v. Joseph Cunning

57. The Plaintiff repeats and realleges paragraphs one through fifty-six above as if fully stated herein.

58. A criminal prosecution for assault with a dangerous weapon was commenced against the Plaintiff.

59. The criminal prosecution was instituted and/or instigated by Officer Cunning.

60. The criminal prosecution was instituted and/or instigated by Officer Cunning without probable cause.

61. The institution and instigation of the criminal prosecution against the Plaintiff was malicious.

62. The criminal prosecution has been legally and finally terminated in the Plaintiff's favor.

63. As a direct and proximate result of Officer Cunning's actions that led to the malicious prosecution of the Plaintiff, he suffered physical and psychological injuries and other harms and losses.

WHEREFORE, the Plaintiff demands judgment against Officer Cunning, jointly and severally with all other Defendants herein, in an amount to be determined by a jury plus costs and interest as allowed by law.

## COUNT SEVEN
### False Arrest and Imprisonment v. Joseph Brooks

64. The Plaintiff repeats and realleges paragraphs one through sixty-three above as if fully stated herein.

65. Sargeant Brooks unlawfully arrested and restrained the Plaintiff's freedom of movement by making false statements on the police reports, imposition of force and threats.

66. As direct and proximate result of the unlawful arrest and restraint of the Plaintiff by Sargeant Brooks the Plaintiff was incarcerated, held against his will, caused to suffer severe emotional distress, humiliation and upset, and was forced to attend numerous court hearings resulting in psychological injuries and other harms and losses.

WHEREFORE, the Plaintiff demands judgment against Sargeant Brooks jointly and severally with all other Defendants herein, in an amount to be determined by a jury plus costs and interest as allowed by law.

## COUNT EIGHT
### False Arrest and Imprisonment v. Joseph Cunning

67. The Plaintiff repeats and realleges paragraphs one through sixty-six above as if fully stated herein.

68. Officer Cunning unlawfully arrested and restrained the Plaintiff's freedom of movement by making false statements on the police reports, the imposition of force and threats.

69. As direct and proximate result of the unlawful arrest and restraint of the Plaintiff by Officer Cunning, the Plaintiff was incarcerated, held against his will, caused to suffer severe emotional distress, humiliation and upset, and was forced to attend numerous court hearings resulting in psychological injuries and other harms and losses.

WHEREFORE, the Plaintiff demands judgment against Officer Cunning jointly and severally with all other Defendants herein, in an amount to be determined by a jury plus costs and interest as allowed by law.

## COUNT NINE
### Assault and Battery v. Joseph Brooks

70. The Plaintiff repeats and realleges paragraphs one through sixty-nine above as if set forth herein.

71. Sargent Brooks assaulted and shot the Plaintiff with a less-lethal gun without legal justification or probable cause.

72. As a direct and proximate result of Sargeant Brooks' assault and battery of the Plaintiff he was caused to suffer physical and emotional harm.

WHEREFORE, the Plaintiff demands judgment against Sargeant Brooks, jointly and severally with all other defendants herein, in an amount to be determined by a jury plus costs and interest as allowed by law.

## COUNT TEN
### Abuse of Process v. Joseph Brooks

73.  The Plaintiff repeats and realleges paragraphs one through seventy-two above as if fully stated herein.

74. Sargeant Brooks used lawful process against the Plaintiff.

75. Sargeant Brooks utilized lawful process to accomplish an unlawful purpose, to wit, arresting the Plaintiff under false charges after making false statements on the police report.

76. The actions of Sargeant Brooks with regard to the use of lawful process were conducted with malice.

77. As a direct and proximate result of the Sargeant Brooks' abuse of lawful process, the Plaintiff was caused to suffer physical, financial and emotional harm.

WHEREFORE, the Plaintiff demands judgment against Sargeant Brooks jointly and severally with all other Defendants herein, in an amount to be determined by a jury plus costs and interest as allowed by law.

## COUNT ELEVEN
### Abuse of Process v. Joseph Cunning

78.  The Plaintiff repeats and realleges paragraphs one through seventy-seven above as if fully stated herein.

79. Officer Cunning used lawful process against the Plaintiff.

80. Officer Cunning utilized lawful process to accomplish an unlawful purpose, to wit, arresting the Plaintiff under false charges after making false statements on the police report.

81. The actions of Officer Cunning with regard to the use of lawful process were conducted with malice.

82. As a direct and proximate result of the Officer Cunning's abuse of lawful process, the Plaintiff was caused to suffer physical and emotional harm.

WHEREFORE, the Plaintiff demands judgment against Officer Cunning jointly and severally with all other Defendants herein, in an amount to be determined by a jury plus costs and interest as allowed by law.

COUNT TWELVE

Conspiracy v. Joseph Brooks and Joseph Cunning

83.  The Plaintiff repeats and realleges paragraphs one through eighty-two above as if fully stated herein.

84. Sargeant Brooks and Officer Cunning conspired to create false statements on the police report, and arrest the Plaintiff under made-up charges.

85. Sargeant Brooks and Officer Cunning were at Max's house during the entirety of the incident, which was also recorded on video camera, and were thus aware of what transpired.

86. Sargeant Brooks and Officer Cunning then knowingly and intentionally colluded and conspired to make false statements on the police report, building a false criminal case against Max, violating his civil rights.

87. As a direct and proximate result of this conspiracy, the Plaintiff was caused to suffer physical, financial and emotional harm.

WHEREFORE, the Plaintiff demands judgment against Officer Cunning jointly and severally with all other Defendants herein, in an amount to be determined by a jury plus costs and interest as allowed by law.

COUNT THIRTEEN

Negligence v. City of Newton

88. The plaintiff repeats and realleges paragraphs one through eighty-seven above as if set forth herein.

89. Sargeant Brooks was at all relevant times, working as a police officer for the City of Newton.

90. The City of Newton was, at all relevant times, the public employer of Sargeant Brooks as defined in M.G.L. c. 258, s. 1.

91. Sargeant Brooks was, at all relevant times, a public employee of City of Newton.

92. City of Newton had a written policy regarding the use of excessive force, which provided, in relevant part that less-than-lethal projectiles do pose a threat of serious injury and should be used "ONLY" when less violent use of force has been ineffective or inappropriate.

93. The City of Newton's excessive force policy specifies that less-than-lethal force maybe used in the following circumstances only:

f. When necessary to preserve the peace, prevent crimes, to prevent suicide or self-inflicted injury; or

g. When necessary to overcome resistance to lawful arrests, searches and seizures, and to prevent escape from custody; or

h. When in self-defense or defense of another against unlawful violence to his person or property.

94. Sargeant Brooks violated this policy, using a non-lethal weapon when none of these situations had arisen and other training provided by the City of Newton on how to de-escalate situations with people dealing with mental health disorders.

95. Sargeant Brooks' actions on October 6, 2023, were negligent.

96. City of Newton, as the public employer of Sargeant Brooks, is liable, pursuant to M.G.L. c. 258, s. 2, for Sargent Brooks' negligence.

97. On September 05, 2025, the plaintiff presented its claim to the City of Newton, by sending a letter in accordance with M.G.L. c. 258, s. 4 to the Mayor and City Solicitor for the City of Newton by certified mail and first-class mail, a copy of which is attached hereto as Exhibit "A".

98. The City of Newton ignored the presentment notice and has utterly and completely failed to respond to the Plaintiff.

99. The plaintiff has complied with all conditions precedent to commencing an action against Newton pursuant to M.G.L. c. 258.

WHEREFORE the plaintiff demands judgment against the City of Newton jointly and severally with all other defendants herein, in an amount the finder of fact deems meet and just plus cost and interest as allowed by law.

COUNT FOURTEEN
Negligence v. City of Newton

100. The plaintiff repeats and realleges paragraphs one through ninety-nine above as if set forth herein.

101. Officer Cunning was at all relevant times, working as a police officer for the City of Newton.

102. The City of Newton was, at all relevant times, the public employer of Officer Cunning as defined in M.G.L. c. 258, s. 1.

103. Officer Cunning was, at all relevant times, a public employee of City of Newton.

104. City of Newton had a written policy regarding the use of excessive force, which provided, in relevant part that less-than-lethal projectiles do pose a threat of serious injury and should be used "ONLY" when less violent use of force has been ineffective or inappropriate.

105. The City of Newton's excessive force policy specifies that less-than-lethal force maybe used in the following circumstances only:

   a. When necessary to preserve the peace, prevent crimes, to prevent suicide or self-inflicted injury; or
   b. When necessary to overcome resistance to lawful arrests, searches and seizures, and to prevent escape from custody; or
   c. When in self-defense or defense of another against unlawful violence to his person or property.

106. Officer Cunning violated this policy and other training provided by the City of Newton by failing to de-escalate situations with people dealing with mental health disorders.

107. Officer Cunning's actions on October 6, 2023, were negligent.

108. City of Newton, as the public employer of Officer Cunning, is liable, pursuant to M.G.L. c. 258, s. 2, for Officer Cunning' negligence.

109. On September 05, 2025, the plaintiff presented its claim to the City of Newton, by sending a letter in accordance with M.G.L. c. 258, s. 4 to the Mayor and City Solicitor for the City of Newton by certified mail and first-class mail, a copy of which is attached hereto as Exhibit "A".

110. The City of Newton ignored the presentment notice and has utterly and completely failed to respond to the Plaintiff.

111. The plaintiff has complied with all conditions precedent to commencing an action against the City of Newton pursuant to M.G.L. c. 258.

WHEREFORE the plaintiff demands judgment against the City of Newton jointly and severally with all other defendants herein, in an amount the finder of fact deems meet and just plus cost and interest as allowed by law.

COUNT FIFTEEN
Negligence v. City of Newton

112. The plaintiff repeats and realleges paragraphs one through one hundred and eleven above as if set forth herein.

113. The City of Newton owed a duty to the members of the public to use reasonable care in the hiring, supervision, training and retention of its employees.

114. The City of Newton owed a duty to the members of the public to use reasonable care to assure that its employees were fit, safe, and suitable to hold the position of police officer in the City.

115. Sargeant Brooks and Officer Cunning failed to follow the policies and training provided by the City of Newton and created false statements on the police report to criminally charge the Plaintiff, who was innocent.

116. The City of Newton owed a duty to train Sargeant Brooks and Officer Cunning and other officers on how to de-escalate situations while dealing with people suffering from mental health concerns.

117. The City of Newton failed to properly provide any training to Sargeant Brooks and Officer Cunning regarding de-escalation tactics.

118. As Sargeant Brooks and Officer Cunning's employer the City of Newton was negligent in its supervision, training and retention of Sargent Brooks and Officer Cunning.

119. The City of Newton's negligence in supervising, training, and retaining Sargent Brooks and Officer Cunning caused significant mental and physical harms to the Plaintiff.

WHEREFORE the plaintiff demands judgment against the City of Newton jointly and severally with all other defendants herein, in an amount the finder of fact deems meet and just plus cost and interest as allowed by law.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

Respectfully Submitted,
The Plaintiff, by his Attorney,


 /s/ *Michael J. Heineman*
Michael J. Heineman, Esq.
BBO# 556841
Heinlein Beeler Mingace & Heineman, PC
276 Union Avenue
Framingham, MA 01702
Tel. (508) 626-8500
Fax: (508) 655-2700
MHeineman@HBMHlaw.com

Date: 05/27/2026